Argued and submitted September 27, 1985, reversed January 29, 1986

In the Matter of Robert L. Garibbo,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT L. GARIBBO,
*Appellant.*

(8502-95-186; CA A35232)

713 P2d 671

Jan Peter Londahl, Portland, argued the cause and filed the brief for appellant.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from an order declaring him to be mentally ill and committing him to the custody of the Mental Health Division. We review *de novo, State v. O'Neill,* 274 Or 59, 545 P2d 27 (1976), to determine whether the state proved, by clear and convincing evidence, that defendant is dangerous to himself or others or is unable to provide for his basic needs and is not receiving the care necessary for his health and safety. ORS 426.005(2) and ORS 426.130.

A petition for involuntary commitment was filed by defendant's father and sister. The sister did not testify. The father testified that defendant had never threatened him and did not get into fights. Defendant had been employed until about two months before the hearing and had never received welfare or unemployment benefits. The father said that he cooked for himself when he lived at home, ate well and never used alcohol or drugs. Some months before the commitment hearing he apparently told his father that he would like to do away with himself, but the father did not take the comments seriously.

Defendant testified that he has never thought about harming himself or others. He stated that, if he could not live with his sister, he would stay at the YMCA or at a particular motel. He had been eating at a local hospital's cafeteria, had some money and was looking for work. He was also looking for an apartment and had put his personal property in a storage locker. The state did not provide any evidence to contradict defendant's testimony.

Drs. Bagwell and Pidgeon provided psychiatric evaluations. Both concluded that defendant is too disorganized to provide sufficiently for his basic needs. Neither doctor offered any factual basis for that conclusion. *See State v. Alexander,* 26 Or App 943, 948, 554 P2d 524 (1976). Bagwell, however, stated that defendant would not take his medication or voluntarily see a psychiatrist. That alone does not indicate that defendant cannot care for his own personal needs. Even his father testified that defendant ate, slept and performed his previous job duties well and also had done well in college.

■ ■ Proof of mental illness by clear and convincing evidence means that the truth of the facts asserted is highly

probable. *State v. Sterzicg,* 47 Or App 621, 625, 614 P2d 631 (1980). The evidence does not show that defendant was dangerous to himself or others or that he cannot care for his basic needs. There is no doubt that defendant has a mental disorder and needs psychiatric help. The legislature has determined that that is not enough under the statute to subject him to involuntary commitment.

Reversed.